IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MILTON J. SMITH, :
　　　　　　　　　　　　　　　　　　　 :
　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　 :
vs. : Civil Action No.
　: **7:04-CV-89 (HL)**
MICHAEL J. ASTRUE[1] :
Commissioner of Social Security, :
　　　　　　　　　　　　　　　　　　　 :
　　　　Defendant. :
_____

**RECOMMENDATION**

　　Presently pending before the court is the Commissioner's Motion to Dismiss for failure to exhaust administrative appeal remedies. (Doc. 4).

　　The plaintiff herein filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits on March 4, 1999. The application was denied initially and upon reconsideration; plaintiff requested a hearing before an Administrative Law Judge. On June 29, 2000, the ALJ entered an order finding that plaintiff was disabled as of March 4, 1999, but not before. Plaintiff last met the disability insured status requirement on June 30, 1996. Plaintiff request review of that portion of the ALJ's decision regarding the date his disability started. The Appeals Council granted plaintiff's request for review on May 6, 2004, and vacated the entire decision and remanded to an ALJ for further

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

review. Plaintiff changed attorneys during the time, and the new attorney submitted additional evidence on June 4, 2004, but the Appeals Council entered an order vacating and remanding on June 18, 2004. Plaintiff then filed the instant action on August 17, 2004.

The Commissioner argues that this action was prematurely filed, as it was still pending at the hearing office and a final decision had not been entered.

Sections 405 (g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331 (1919).

42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The term "final decision" is left undefined in the Act, and is left to the Commissioner to define by regulation. Weinberger v. Salfi, 422 U.S. 749, 763 (1975).

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine

2

whether a claimant is entitled to Social Security disability benefits. If the claimant does not pursue administrative appeal rights, the administrative decision or determination becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

The Supreme Court has observed that "[e]xhaustion is required because it serves the twin purposes of protective administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). MCarthy further provides:

> Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise. McKart v. United States, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). *See also* Bowen v. City of New York, 476 U.S. 467, 484, 106 S.Ct. 2022, 2032, 90 L.Ed.2d 462 (1986). The exhaustion doctrine also acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court. Correlatively, exhaustion principles apply with special force when "frequent and deliberate flouting of administrative processes" could weaken an agency's effectiveness by encouraging disregard of its procedures. McKart v. United States, 395 U.S., at 195, 89 S.Ct., at 1663.

Id.

It is clear that plaintiff has not exhausted the available administrative appeal remedies. However, plaintiff argues that exhaustion should be excused because of the special circumstances of this case. Plaintiff points out the four-year delay between the decision by the ALJ and the decision by the Appeals Council to remand the decision in its entirety, and the loss of the hearing tape, both of which were beyond plaintiff's control and were the results of actions or inactions by the Commissioner. Plaintiff states that there is no adequate administrative remedy, and therefore the only recourse is action by the District Court.

Courts have applied a three-part test to determine whether waiver of the exhaustion requirement is applicable: (1) are the issues entirely collateral to the claim for benefits; (2) would

failure to waive cause irreparable injury; and (3) would exhaustion be futile. <u>Bowen v. City of New York</u>, 476 U.S. 467, 483, 106 S.Ct. 2022, 2031-32, 90 L.Ed.2d 462 (1986); <u>Crayton V. Callahan</u>, 120 F.3d 1217, 1220 (11th Cir. 1997).

In this case, it does not appear that the issues are collateral to the claim for benefits, but are instead directly related. It is also the opinion of the undersigned that exhaustion would not be futile. Plaintiff stands an equal chance of having a favorable opinion result after further proceedings with an ALJ as an unfavorable one. While the undersigned understands the frustration caused by the four-year delay, and then the remand for the entire case to be heard by an ALJ instead of just the issue of the date disability began, it does not appear that the district court has jurisdiction to review the case, as plaintiff has not exhausted, and had not presented a "final decision" for review..

Inasmuch as it appears that the district court lacks jurisdiction as a final decision has not been entered, it is the RECOMMENDATION of the undersigned that the Commissioner's motion to dismiss be **GRANTED**, and that this action be DISMISSED without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of April, 2007.

                                                     //S Richard L. Hodge
                                                     RICHARD L. HODGE
msd                                         UNITED STATES MAGISTRATE JUDGE